Argued and submitted June 18, affirmed August 11, 1980

HODGES,
*Respondent,*
*v.*
HOPKINS AUTO SUPPLY, INC., et al,
*Appellants.*
(No. A 7707-10054, CA 13736)
615 P2d 370

Amy Elliott, Portland, argued the cause for appellants. On the brief was Charles V. Elliott, Portland.

Linda A. Pedersen, Portland, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

In this slander action plaintiff pleaded that defendants' statements about him as a former employee were "malicious, false and unprivileged." Defendants denied the allegation but did not plead qualified privilege as an affirmative defense. The trial court refused to give defendants' requested instruction on qualified privilege, and that is assigned as error in their appeal from the judgment for plaintiff awarding general and special damages.

■■ Qualified privilege is a matter of defense on which the defendant has the burden of proof. *Walsh v. Consolidated Freightways,* 278 Or 347, 563 P2d 1205 (1977). Except when the complaint on its face discloses privilege, such as the absolute privilege in *Moore v. West Lawn Mem'l Park,* 266 Or 244, 249, 512 P2d 1344 (1973), or, perhaps, when the occasion of a qualified privilege is pleaded but malice or other matter overcoming the privilege is not alleged (*see* Annotation, 51 ALR 2d 552, 559), privilege must be pleaded as an affirmative defense. Neither situation was present here, and the trial court properly refused to give the instruction.

Affirmed.